POWER ET AL., RESPONDENTS, *v.* KLEIN ET AL., APPELLANTS.

[Argued August 3, 1891.   Decided August 31, 1891.]

INJUNCTION.—The granting of a temporary injunction restraining the defendants from interfering with the construction of a work which had been prosecuted for a year and a half with the knowledge of defendants and without previous objection, where less than four per cent of the work remained to be completed, is not an abuse of discretion where the complaint shows a *prima facie* case for such relief, and the premises affected by the injunction were examined by the judge granting the writ.   (See *Klein* v. *Davis, ante,* p. 155.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Action for damages and injunction.   A temporary injunction was granted by BUCK, J.   Order affirmed.

*Comly & Foote,* for Appellants.

*B. P. Carpenter,* for Respondents.

DE WITT, J.—This action is for damages and injunction. It is a companion to the case of *Klein* v. *Davis, ante,* page 155 (just decided).   The defendants therein are the plaintiffs herein. The plaintiffs herein filed their complaint, praying that the defendants be enjoined from interfering with the construction of the flume described in the case of *Klein* v. *Davis.*   The same proposition of law will arise in this case as to the extent of the

easement in the right to dump tailings. The plaintiffs, upon their complaint, obtained from the district judge a temporary injunction. The defendants did not move to dissolve, or make any showing by affidavits or answer why the injunction should not be granted. They appealed directly from the order granting the temporary injunction. Nothing is before this court but the complaint. Its allegations are undenied, and for the purpose of this review are taken as true. We do not know what may develop when an answer is filed, and evidence introduced, if the case goes that far, denying the alleged equities of plaintiffs. The question of the extent of the easement may be then tried upon a full hearing of the facts on each side. The complaint itself, we are of opinion, sets up a *prima facie* case for a temporary injunction, and this in consideration of the fact that the district judge examined the premises, and had an opportunity to form a conclusion which is not afforded to this court.

We do not discover that there was an abuse of discretion by the judge of the court below. (See cases cited in *Klein* v. *Davis*.)

The order granting the temporary injunction is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.